UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL HUNTER et al.<br><br>                Plaintiffs,<br>    vs.<br><br>FIRST INTERSTATE BANK and CB1 Collections<br><br><br>                Defendants. | 5:19-CV-5073-LLP<br><br>**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND GRANTING LEAVE TO AMEND** |

On November 6, 2019, Plaintiff, Michael Hunter ("Mr. Hunter"), appearing *pro se* filed a complaint on behalf of himself and on behalf of "All Others Similarly Situated" alleging civil liability under section 1964(c) of Racketeer Influenced and Corrupt Organizations Act ("RICO"). Doc. 1.

Pending before the Court is Mr. Hunter's Motion for Leave to Proceed in Forma Pauperis, Doc. 2.

**DISCUSSION**

### I.    Class Action Lawsuit

As this Court noted in its recent opinion dismissing a lawsuit filed by Mr. Hunter in another matter, *Michael Hunter, et. al. v. Unknown Named South Dakota Criminal*, Civ. No. 19-4144, Mr. Hunter is no stranger to the federal courts. He has filed at least 14 lawsuits in South Dakota federal courts counting the present case and at least 14 lawsuits in North Dakota. *Id.* These suits have almost all been dismissed for failure to state a claim or for failure to serve defendants. *Id.* In just at least two prior lawsuits filed with this Court, Mr. Hunter has sought to bring claims on behalf of other non-represented parties. *See Michael Hunter, et. al. v. Unknown Named South Dakota Criminal*, Civ. No. 19-4144 (D.S.D. 2019); *Hunter v. Sioux City Police*

*Department et. al*, Civ. No. 18-4119 (D.S.D. 2018).  In each instance, the Court told Mr. Hunter that because he is not an attorney, he is not permitted to file lawsuits on behalf of other another person or entity.  See *Steele v. City of Bemidji,* 257 F.3d 902, 905 (8th Cir. 2001) (citation omitted) (stating that a non-lawyer has no right to represent another entity in federal court): *see also* *Lattanzio v. COMTA,* 481 F.3d 137, 139 (2nd Cir. 2007) (noting that 28 U.S.C. § 1654 "does not permit unlicensed laymen to represent anyone else other than themselves").  As in these prior cases, the Court will therefore construe Mr. Hunter's Complaint as asserting only claims on his behalf.

## II.     Motion to Proceed In Forma Pauperis

This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed *in forma pauperis* under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).  "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted).

Based upon Mr. Hunter's application, he indicates that he is currently unemployed and has very limited assets, is on public assistance, and that he has little discretionary income.  Doc. 2.  Considering the information in his financial affidavit, the Court finds that Mr. Hunter has made the requisite financial showing to proceed *in forma pauperis*.

## III.    Screening of Complaint

However, the inquiry does not end there.  Congress has directed this Court under 28 U.S.C. § 1915(e)(2)(B) to review and screen claims in a complaint being filed *in forma pauperis* to determine if they are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if  "it lacks an arguable basis either in law or in fact." *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (quoting *Neitzke v. Williams*, 480 U.S. 319, 324 (1989)).  A complaint states a claim upon which relief may be granted if it contains sufficient

factual matter, accepted at true to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. (citation omitted).*

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, at 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988); see also *Human v. Rowley*, 205 F.3d 1346, 1999 WL 1204488, at *2 (8th Cir. 1999) (*per curiam*). However, a court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

### IV.     Screening of Complaint

Mr. Hunter alleges that his claim arises under section 1964(c) of Racketeer Influenced and Corrupt Organizations Act ("RICO"). RICO prohibits certain conduct involving a "pattern of racketeering activity," 18 U.S.C. § 1962, and makes a private right of action available to "[a]ny person injured in his business or property by reason of a violation" of RICO's substantive restrictions, § 1964(c), provided that the alleged violation was the proximate cause of the injury, *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992). *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006).

As the best the Court can discern, Mr. Hunter alleges that he was not informed by Defendant of the fees associated with checking account and "Gold" Mastercard that he received from Defendant. Doc. 1, ¶ 4. Mr. Hunter alleges that in October 2019, he had incurred a debt of about $1,300.00 and that Defendant withdrew overdraft protection. Doc. 1, ¶ 6. Mr. Hunter also alleges that in October 2019, Defendant refused to close his checking and credit card and that without his approval "altered two checks [including, it appears his Social Security check] mailed to the bank from Sioux Falls South Dakota and stole the money." Doc. 1, ¶ 6.

RICO "imposes criminal and civil liability upon those who engage in certain 'prohibited activities.'" *Manion v. Freund*, 967 F.2d 1183, 1185 (8th Cir. 1992) (quoting *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 232 (1989)). These racketeering activities are listed in 18 U.S.C. § 1961(1), and include a list of various state and federal crimes. *Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 768 (8th Cir. 1992). Where a plaintiff fails to demonstrate the requisite predicate acts, the court can properly dismiss the racketeering claims. *C.f. H.J. Inc.*, 492 U.S. at 250 (complaint alleging numerous instances of bribery, a "racketeering activity," under 18 U.S.C. § 1961(a) over a 6-year period was sufficient to allege multiple predicate acts); *Crest Const. II, Inc.* v. Doe, 660 F.3d 346, 358 (8th Cir. 2011); *Manion*, 967 F.2d at 1186 (stating the breach of fiduciary duty is not one of the specified state crimes listed in the definition of "racketeering activity," 18 U.S.C. § 1961(a), and thus could not support a civil RICO claim).

In the present case, Mr. Hunter has not alleged what racketeering activities Defendant allegedly engaged in. Although the Court is bound to liberally construe a *pro se* plaintiff's complaint, given the long list of 'prohibited activities' specified in 18 U.S.C. § 1961(a), the Court is simply unwilling to guess upon what "racketeering activit[ies]" Mr. Hunter bases his RICO claim. The Court will grant Mr. Hunter leave to amend his Complaint. Mr. Hunter is cautioned that any amended complaint filed by him must be a complete pleading and will supersede his original complaint, rendering the original without legal effect. *See In re Wireless Tel. Fed. Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly, it is hereby ORDERED that:

1. Mr. Hunter's Motion to Proceed in Forma Pauperis, Doc. 2, is GRANTED; and

2. Mr. Hunter shall amend his complaint by August 10, 2020, if he wishes to proceed. If he fails to do so, his complaint will be dismissed without prejudice.

Dated this 14th day of July, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK